UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00362-RJC-DSC

| | |
|---|---|
| **KELLY BLACK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **DEPARTMENT OF VETERANS AFFAIRS** ) | |
| **through Denis McDonough Secretary of Veteran** ) | |
| **Affairs,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Entry of Default (the "Motion"). (Doc. No. 4). For the reasons stated herein, the Motion for Entry of Default is **DENIED**. Plaintiff shall file proof of proper service on the Defendant within thirty (30) days of this Order or the Court will dismiss this case.

I. **BACKGROUND**

Plaintiff filed the Complaint with a request for waiver of service against Defendant Department of Veteran Affairs on July 22, 2021. (Doc. Nos. 1 & 2). Defendant did not execute the waiver of service. (Doc. No. 4-2). On September 27, 2021, a summons was issued to the "Department of Veteran Affairs through Denis McDonough Secretary of Veteran Affairs." (Doc. No. 3). On November 5, 2021, when Defendant had not responded to the Complaint, Plaintiff filed its Motion for Entry of Default and Affidavit of Support. (Doc. Nos. 4 & 5). Plaintiff's Motion for Entry of Default requests an entry of default because the summons and complaint were served on Defendant on October 1, 2021, and Defendant failed to respond by October 29, 2021. (Doc. No. 4 & 4-2). The proof of service attached to the Motion shows Plaintiff served the

summons and complaint on the legal department of the "Department of Veterans Affairs through Denis McDonough Secretary of Veteran Affairs" in Washington, District of Columbia. (Doc. Nos. 4-1 & 5).

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "It is axiomatic, however, that effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant." *Henderson v. L.A. Cty.*, No. 5:13-cv-635, 2013 U.S. Dist. LEXIS 170928, at *2–3 (E.D.N.C. Dec. 3, 2013) (quotation marks omitted). "This is because a defendant's duty to respond to a complaint only arises upon proper service of process." *Hinson-Gribble v. United States Office of Pers. Mgmt.*, No. 5:16-cv-00070, 2018 U.S. Dist. LEXIS 142561, at *5 (E.D.N.C. Aug. 22, 2018). "Thus, plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered." *Henderson*, 2013 U.S. Dist. LEXIS 170928, at *3. "Except where service is made by a United States marshal or deputy marshal, proof of service must be made to the court by the server's affidavit." *Hinson-Gribble*, 2018 U.S. Dist. LEXIS 142561, at *5 (citing Fed. R. Civ. P. 4(l)(1)).

Under Rule 4(i) of the Federal Rules of Civil Procedure, to serve the United States a plaintiff must serve the summons and complaint on the United States attorney's office in the district where the action is brought or by registered or certified mail to the civil-process clerk and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)-(2). Further, pursuant to Rule 12(a), the United States and its agencies "must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2).

2

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, Plaintiff has not provided proof of service of the summons and complaint on the United States attorney's office or the Attorney General of the United States as required by Rule 4(i).[1] Moreover, even if the summons and complaint were properly served on the Defendant on October 1, 2021, the Motion was filed 35 days later. Pursuant to Rule 12(a)(2) the United States and its agencies have 60 days to respond to the Complaint. Plaintiff's Motion must be denied because Plaintiff has failed to show proper service of process on the Defendant and the Motion is premature.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Entry of Default, (Doc. No. 4), is **DENIED**; and

---

[1] Plaintiff's Motion also suggests the Defendant was required to waive service under Rule 4(d) (Doc. No. 4-2), which is not required of the United States and its agencies. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, certain defendants have a duty to avoid "unnecessary expenses of serving the summons" when plaintiff requests waiver of service. Fed. R. Civ. P. 4(d)(1) ("An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."). "The United States is not expected to waive service . . . . [and] [t]he same principle is applied to agencies, corporations, and officers of the United States." Fed. R. Civ. P. 4(d) advisory committee's notes to 1993 amendment.

2.    Plaintiff shall file proof of proper service on the Defendant within thirty (30) days of this Order or the Court will dismiss this case.

Signed: November 10, 2021

Robert J. Conrad, Jr.
United States District Judge